UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SONJAY FONN, D.O., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| UNITED STATES OFFICE OF | ) |
| PERSONNEL MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Dr. Sonjay Fonn, D.O. ("Dr. Fonn"), states for his Complaint against Defendant United States Office of Personnel Management ("OPM") the following:

## NATURE OF THE ACTION

1. OPM's final decision to debar Dr. Fonn should be set aside as an abuse of discretion for at least two reasons: (1) OPM failed to comply with regulatory requirements when it notified Dr. Fonn of its proposed debarment, and (2) OPM's final decision is based solely on a separate exclusion proceeding that is not final. Dr. Fonn is entitled to his full measure of administrative due process. For these reasons, Plaintiff requests that the OPM decision be set aside as an abuse of the agency's discretion. Alternatively, if this Court does not set aside OPM's final decision, it should remand this case for fact-finding due process procedures pursuant to 5 C.F.R. § 890.1027(a) because material facts have not been adjudicated and those facts are in dispute.

2. This is an action against Defendant OPM for abusing its discretion in debarring Dr. Fonn from participating as a health services provider in the Federal Employee Health Benefits Program ("FEHBP"), which OPM administers. A true and accurate copy of OPM's letter dated

23951226

May 2, 2022 announcing its final decision to debar Dr. Fonn ("OPM's Decision") is attached as Exhibit 1.

3. Before OPM issued its final decision, it sent Dr. Fonn a June 24, 2021 notice of proposed debarment from FEHBP ("OPM Notice"). This OPM Notice failed to satisfy the regulatory requirements of 5 C.F.R. §§ 890.1006 and 1009(c). A true and accurate copy of the OPM Notice is attached as Exhibit 2. Therefore, OPM abused its discretion by debarring Dr. Fonn without giving him adequate notice as required by 5 C.F.R. § 890.1006.

4. The OPM Decision to debar Dr. Fonn from FEHBP cited 5 U.S.C. § 8902a(b)(5) and relied solely on an exclusion by the Department of Health and Human Services ("DHHS"), to exclude Dr. Fonn from participating in the Medicare and Medicaid programs. Ex. 1. However, that DHHS exclusion proceeding has not yet been fully adjudicated. Dr. Fonn is entitled to his full measure of administrative due process under DHHS authority. 42 C.F.R. § 1005.2. Dr. Fonn filed an administrative proceeding seeking review by a DHHS Administrative Law Judge ("ALJ"): *Sonjay Fonn, D.O. v. The Inspector General*, No. C-21-975 (filed July 27, 2021). Dr. Fonn's Request for ALJ Hearing is attached as Exhibit 3. This proceeding is pending a final determination. Therefore, the exclusion matter should not be deemed to be final and OPM abused its discretion by relying on it to debar Dr. Fonn from FEHBP.

5. Alternatively, if this Court does not set aside OPM's Decision without remand, it should remand the OPM Decision for necessary fact-finding proceedings. OPM's Decision states that "additional fact-finding is not required" pursuant to 5 C.F.R. § 890.1025(a)(2), but this regulation should not apply here because "prior due process adjudication" has **not** occurred. Instead, 5 C.F.R. § 890.1027(a) should apply here because material facts have not been fully adjudicated and those facts are in dispute. Specifically, it is disputed whether Dr. Fonn's

underlying Missouri Medicaid disqualification had any bearing on his professional competence, professional performance, or financial integrity.  5 C.F.R. § 890.1027(a) requires additional fact-finding to be conducted by an OPM official.  *See also* 5 U.S.C. § 8902a(h)(1) ("The Office [of Personnel Management] shall grant a request for a hearing upon a showing that due process rights have not previously been afforded with respect to any finding of fact which is relied upon as a cause for an adverse determination under this section.").

6. OPM's decision to debar Dr. Fonn from FEHBP should be set aside as an abuse of discretion.  Alternatively, OPM's Decision should be remanded so that the agency can conduct additional fact-finding.

## PARTIES

7. Dr. Fonn is a neurosurgeon who both resides and has his principal place of business in Cape Girardeau, Missouri, in the Eastern District of Missouri, Southeastern Division.

8. OPM is an agency of the United States government that, among other things, administers the FEHBP which provides health insurance coverage to federal employees and annuitants and their immediate families.  OPM's authority relevant to debarment of health care service providers from participating in FEHBP rests upon 5 U.S.C. § 8902a(b).

## JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This Court is authorized to hear an appeal from an adverse OPM debarment decision under 5 U.S.C. § 8902a(h)(2). This appeal[1] is timely as it was filed within sixty days of the date on which OPM's final decision debarring Dr. Fonn issued. 5 U.S.C. § 8902a(h)(2).

## VENUE

11.     Venue is proper before this Court under 5 U.S.C. § 8902a(h)(2), which permits a party adversely affected by an OPM debarment decision to seek review of such decision in "the district in which the plaintiff resides or has his principal place of business." 5 U.S.C. § 8902a(h)(2).

12.     Venue is also proper before this Court under 28 U.S.C. § 1391(e)(1) because Defendant OPM is an agency of the United States, Dr. Fonn resides in this district, and no real property is involved in this action.

## FACTUAL ALLEGATIONS

13.     Dr. Fonn was named as a defendant in a *qui tam* civil action, *United States ex rel. Cairns v. D.S. Med., L.L.C.*, No. 1:12CV00004 AGF, in the United States District Court for the Eastern District of Missouri. In that suit, it was alleged that Dr. Fonn submitted false claims to Medicare and Medicaid or that he had conspired to do so. A judgment adverse to Dr. Fonn was entered as to one count of an Anti-Kickback Statute violation and one count of conspiracy. A full description of the charges and judgment entered is at *United States ex rel. Cairns v. D.S. Med., L.L.C.*, No. 1:12CV00004 AGF, 2018 WL 4607839, at *3 (E.D. Mo. Sept. 25, 2018).

14.     Dr. Fonn appealed the judgment entered against him by this Court in *D.S. Med.* to the Eighth Circuit Court of Appeals. *United States, et al. v. D.S. Med. LLC, et al.*, No. 20-2448

---

[1] The statute calls for a "notice of appeal" to be filed with a district court, but also instructs a provider to "seek review of" a final decision. 5 U.S.C. § 8902a(h)(2). Thus, Petitioner files this Complaint seeking review of the OPM decision.

(appeal filed July 16, 2020).  That appeal was argued on December 14, 2021 and remains pending at the time of this Complaint's filing.

15.     After this Court entered judgment against Dr. Fonn in *D.S. Med.*, the Missouri Department of Social Services terminated Dr. Fonn from participating in the Missouri Medicaid program on the sole basis of the adverse judgment entered against him in that suit. Dr. Fonn's termination from Missouri Medicaid became effective on July 1, 2020.

16.     Though he was entitled to do so, Dr. Fonn voluntarily chose not to appeal his disqualification from Missouri Medicaid.  At the time Dr. Fonn was disqualified, he had already decided he would no longer see Missouri Medicaid patients as part of his practice.  Having already made that decision before being disqualified, there was no financial incentive for Dr. Fonn to appeal the Missouri Medicaid disqualification.  Dr. Fonn relied upon an understanding that once he prevailed in his appeal from the judgment against him in *D.S. Med.*, the basis for his disqualification from Missouri Medicaid would no longer exist and he could request reinstatement in Missouri Medicaid if he ever decided he wanted to participate in the program again.

17.     On May 28, 2021, DHHS informed Dr. Fonn that he was being excluded from participating in the federal Medicaid and Medicare programs based solely on his disqualification from the Missouri Medicaid program ("DHHS Exclusion letter"), completely ignoring other factors and failing to provide facts supporting its conclusion.  Reasons offered by Dr. Fonn in support of his request for continued participation in Federal healthcare programs included: the lack of any financial risk to any Federal healthcare program, the lack of any intent to deceive the United States in the civil FCA *qui tam* case which remains on appeal, Dr. Fonn's cooperation with governmental authorities, Dr. Fonn's positive history of compliance, and the negative impact upon his patients should Dr. Fonn be subjected to exclusion.  The DHHS Exclusion letter did not address

**any** of these issues in any manner. Rather, DHHS stated only that his disqualification from the Missouri Medicaid program was based on "reasons bearing on [his] professional competence, professional performance or financial integrity" and hence that exclusion from the federal programs was authorized under 42 U.S.C. § 1320a-7(b)(5) and 42 C.F.R. § 1001.601. DHHS failed to articulate any related factual basis. Ex. 3.

18. Since there was no factual finding that Dr. Fonn's disqualification from Missouri Medicaid was based on "reasons bearing on [his] professional competence, professional performance or financial integrity," DHHS lacked grounds upon which to disqualify Dr. Fonn from the federal Medicaid and Medicare programs. 42 U.S.C. § 1320a-7(b)(5); 42 C.F.R. § 1001.601. DHHS never explained in its letter disqualifying Dr. Fonn from the federal programs how his disqualification from Missouri Medicaid bore on any of the criteria required to support an exclusion from the federal programs. Dr. Fonn disputes that his disqualification from Missouri Medicaid has any bearing on his "professional competence, professional performance or financial integrity," as it must for his exclusion from the federal programs to be valid. Therefore, these are facts material to the underlying reason for OPM's Decision to debar Dr. Fonn that require additional fact-finding under 5 C.F.R. § 890.1027(a).

19. Further, DHHS's Exclusion letter did not contain a specific number of years defining the parameters of Dr. Fonn's period of exclusion from Federal healthcare programs. Rather, Dr. Fonn was advised that the Exclusion would remain in effect until he was reinstated by the OIG. To be eligible for reinstatement, Dr. Fonn was further notified that he was required to be reinstated into the Missouri Medicaid program. The Exclusion letter did not advise Dr. Fonn as to how he might gain readmission into Federal healthcare programs should he decide against future participation in the Missouri Medicaid program or in the Medicare program.

20. Dr. Fonn has requested a hearing before an Administrative Law Judge regarding his exclusion from the federal Medicare and Medicaid programs within DHHS. As of the time of this Complaint's filing, that appeal is still being adjudicated. Because Dr. Fonn timely requested a hearing and that hearing has not been held, and because Dr. Fonn has not received his full measure of administrative due process, the DHHS exclusion is not a "final and binding determination." *See Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1160 (D. Kan. 2004) (finding an agency was not final without hearing).

21. On June 24, 2021, OPM sent Dr. Fonn a notice of proposed debarment from FEHBP, a program OPM administers that provides health insurance coverage to federal employees and annuitants and their immediate family members. Ex. 2.

22. The OPM Notice failed to satisfy certain regulatory requirements. First, it did not notify Dr. Fonn of his "right to request OPM to reduce the length of debarment, if it exceeds the minimum period required by law or this subpart" as required by 5 C.F.R. § 890.1006(b)(7). Second, it did not contain "[p]rocedures the provider shall be required to follow to apply for reinstatement at the end of his period of debarment, and to seek a waiver of the debarment on the basis that he is the sole health care provider or the sole source of essential specialized services in a community" as explicitly required by 5 C.F.R. § 890.1006(b)(8). These regulatory requirements are especially relevant here due to the fact that the length of proposed debarment would have **no end** if Dr. Fonn chooses never to re-enroll in Missouri Medicaid.

23. The OPM Notice also failed to satisfy 5 C.F.R. § 890.1009(c): "OPM's notice shall contain specific information about arranging an in-person presentation."

24. By letter dated July 29, 2021, Dr. Fonn responded through counsel contesting the proposed OPM debarment. Ex. 4.

25. On May 2, 2022, OPM sent a second letter confirming that Dr. Fonn would be debarred from FEHBP effective that same day. Ex. 1. That letter stated that Dr. Fonn was being debarred from FEHBP because OPM was statutorily required to debar Dr. Fonn since Dr. Fonn had been excluded from participating in Medicare and Medicaid by DHHS. Ex. 1. The decision letter stated that Dr. Fonn's debarment from FEHBP would remain in effect as long as he remained excluded from Medicare and Medicaid by DHHS. Ex. 1.

26. OPM's debarment of Dr. Fonn rests upon his exclusion from Medicare, Medicaid and other federal healthcare programs by the Office of Inspector General of the Department of Health and Human Services. Ex. 1. However, this proceeding should not be deemed to be final as Dr. Fonn filed a request for a hearing before an Administrative Law Judge and that matter remains pending. *See* Ex. 3. Dr. Fonn is entitled to his full measure of administrative due process. OPM abused its discretion by failing to consider that the exclusion proceeding is not final and by proceeding to debar Dr. Fonn from FEHBP.

27. OPM's reliance on 5 C.F.R. § 890.1025 (a)(2) is misplaced. Based upon this regulation, OPM asserts that "fact-finding is not required when proposed debarment is based on facts determined in a prior due process adjudication including debarment." Facts related to whether Dr. Fonn's disqualification from Missouri Medicaid was based on "reasons bearing on [his] professional competence, professional performance or financial integrity" have **not** yet been determined because Dr. Fonn has not yet had his requested ALJ hearing. Therefore, OPM should have instead referred to 5 C.F.R. § 890.1027(a), which requires additional fact-finding proceedings when there remains material facts in dispute.

## COUNT I
## Abuse of Discretion of OPM's Statutory Authority

1.  Dr. Fonn restates and incorporates by reference the allegations contained in paragraphs 1 – 27 of this Complaint.

2.  OPM's Decision was an abuse of discretion because OPM's notice of proposed debarment did not satisfy regulatory requirements of 5 C.F.R. §§ 890.1006 and 1009(c).

3.  Additionally, OPM's Decision was an abuse of discretion because it relied on an exclusion proceeding that is not final. Moreover, Dr. Fonn is entitled to his full measure of administrative due process.

4.  Alternatively, OPM's Decision should be remanded so that additional fact-finding can be conducted, as required by 5 U.S.C. § 8902a(h)(1) and 5 C.F.R. § 890.1027(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Fonn, respectfully requests that this Court, pursuant to its authority under 5 U.S.C. 8902a(h)(2), set aside the decision of Defendant debarring Plaintiff from the Federal Employee Health Benefits Program. Alternatively, Dr. Fonn requests that the OPM matter be remanded for additional fact-finding proceedings by an OPM official.

Dated: June 30, 2022

                        Respectfully submitted,

                        THOMPSON COBURN LLP

                        By /s/ *Claire M. Schenk*
                            Claire M. Schenk, 30786 (MO)
                            Rose M. Tanner, 72155 (MO)
                            One US Bank Plaza
                            St. Louis, MO  63101
                            P: 314 552 6000
                            F: 314 552 7000
                            cschenk@thompsoncoburn.com
                            rtanner@thompsoncoburn.com

                        *Attorneys for Petitioner Sonjay Fonn, D.O.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint has been mailed by certified mail postage prepaid, this 30th day of June, 2022, to:

United States Office of Personnel Management
1900 E Street, NW
Washington, DC 20415-1000

Attorney General
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001.

/s/ *Claire M. Schenk*